**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BENNY F. MARTIN, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 09-CV-670-GKF-TLW |
| ) | |
| **KELLY BIRCH, Captain;** ) | |
| **STEVE TOLLIVER, Sheriff;** ) | |
| **RICK ISHMEL, Deputy Sheriff;** ) | |
| **LT. MATTHEWS;** ) | |
| **GINA HUTCHINSON, Chief of Security;** ) | |
| **and Others,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

On October 13, 2009, Plaintiff, a prisoner appearing *pro se*, submitted for filing a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). He complains of the conditions of his confinement at the Creek County Jail. By Order filed October 16, 2009 (Dkt. # 5), the Court determined that the motion to proceed *in forma pauperis* was deficient and that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. As a result, the Court directed that before this action could proceed, Plaintiff would be required to file an amended motion to proceed *in forma pauperis* "supported by the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." See Dkt. # 5. Plaintiff was also ordered to file an amended complaint to cure deficiencies in this pleading. Id.

On November 6, 2009, Plaintiff filed an amended complaint (Dkt. # 7). On November 12, 2009, he filed an amended motion to proceed *in forma pauperis* (Dkt. # 8). On January 6, 2010, Plaintiff filed a notice of change of address (Dkt. # 10) reflecting that he is no longer incarcerated.

For the reasons discussed below, the Court finds Plaintiff shall be allowed to proceed *in forma pauperis*. However, his amended complaint shall be dismissed for failure to state a claim upon which relief may be granted.

### A. Motion to proceed *in forma pauperis*

Based on representations contained in the amended motion to proceed *in forma pauperis*, the Court finds Plaintiff lacks sufficient funds to pay the filing fee required to commence this action. Therefore, his motion to proceed *in forma pauperis*, as amended, shall be granted. Furthermore, because Plaintiff is no longer incarcerated, he is not required to pay the filing fee in monthly installments as required under 28 U.S.C. § 1915(b). See Whitney v. State of New Mexico, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997).

### B. Amended complaint shall be dismissed

#### 1. Standard for dismissal

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The

generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**2. Plaintiff's claim fails to state a claim upon which relief may be granted**

In his amended complaint (Dkt. # 7), Plaintiff identifies one (1) claim: that his access to the law library has been restricted resulting in a denial of his right to access the courts. He also complains that his Requests to Staff and grievances have gone unanswered. He adds four (4) new defendants. In addition, the caption of the amended complaint indicates he intends to sue "others." Id. Although the Court explicitly directed Plaintiff to identify how each named defendant violated his constitutional rights, see Dkt. # 5, Plaintiff completely fails to state how each named defendant violated his constitutional right to access the courts. Furthermore, the Court admonished Plaintiff that use of the term "and others" is insufficient for compliance with the Federal Rules of Civil

Procedure. See Fed. R. Civ. P. 10(a) (stating that "[i]n the complaint, the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties"). Despite the Court's admonishment, however, Plaintiff has again used the term "and others" in the caption of the amended complaint.

Of greater significance, the Court advised Plaintiff in the prior Order that an inmate alleging a violation of constitutional access to the courts "must show actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (interpreting Lewis). For example, an inmate cannot bring a constitutional access to the court claim simply because that person's prison law library is subpar. See Lewis, 518 U.S. at 351. Rather, such an inmate "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id. Nowhere in his amended complaint does Plaintiff explain how he has been injured, or prejudiced, by restricted access to the law library. The Court finds that Plaintiff's conclusory allegations as asserted in the amended complaint remain inadequate to support a claim of denial of access to courts in violation of the Constitution. The Court further finds it would be futile to allow further amendment in this case. Therefore, the amended complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff also complains that his Requests to Staff and grievances have gone unanswered. After liberally construing the amended complaint, the Court concludes that Plaintiff cannot establish any facts in support of his claim that he has been deprived of a constitutional or federal statutory rights. A prison official's failure, if any, to adequately respond to a prisoner's grievance does not implicate a constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per

curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); Greer v. DeRobertis, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); see also Shango v. Jurich, 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley, 997 F.2d at 495 (quoting Azeez v. DeRobertis, 568 F.Supp. 8 (N.D. Ill. 1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure). Therefore, Plaintiff may not base a § 1983 claim on allegations that jail officials have failed either to respond to a grievance or to respond adequately. Plaintiff's amended complaint shall be dismissed for failure to state a claim upon which relief may be granted.

### 3. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff was incarcerated when he commenced this action and he has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2), as amended (Dkt. # 8) is **granted**.

2. The amended complaint (Dkt. # 7) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

DATED THIS 7th day of January, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma